UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN RUSSELL COLUMBIA,

      Petitioner,

v.                              Case No:  2:21-cv-773-JES-NPM

MARK S. INCH,

      Respondent.

_____

## OPINION AND ORDER

Before the Court are John Russell Columbia's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #13), Motion for Stay and Abeyance to Exhaust State Remedies (Doc. #17), and Motion for Leave to Amend 2254 Petition (Doc. #19). Columbia challenges his conviction for eight counts of sexual battery and sexual activity with a child.

### I.  Background

Columbia was married to Terrie Taylor for seven years. Columbia and Taylor lived in a house with Taylor's daughter, N.B. They split in 2013, and Taylor and N.B. moved out of the house. N.B. then told Taylor that Columbia had sex with her when she was 11 and 12 years old. Taylor reported the accusation to the police, who launched an investigation. (Doc. #16-2 at 208-14). On June 18, 2013, Detective Frank Pilarski had N.B. conduct a controlled phone call with Columbia. (Id. at

229-30).  Columbia made many incriminating statements during the call.  (See id. at 203-71).  Police arrested him later that day. (Id. at 21).

In July 2013, Taylor petitioned a state court for a restraining order against Columbia.  During the hearing, the judge authorized Taylor to enter Columbia's house to recover personal belongings.  Among the items Taylor retrieved was a box of Halloween decorations from the master bedroom closet.  About two weeks later, Taylor opened the box and found small videocassettes and a digital camera memory card.  They contained nude pictures of N.B. and recordings of Columbia having sex with N.B.  (Id. at 214-17).  At trial, N.B. confirmed that the video tapes accurately depicted Columbia touching her vagina with his mouth and penis.  (Id. at 191-96).

On August 23, 2013, Florida Circuit Judge Christine Greider issued a search warrant allowing police to search the videocassettes and SD card.  (Id. at 18-19).  On September 20, 2013, the State of Florida charged Columbia with 178 counts of sexual battery of a child less than 12 years of age, sexual activity with a child, use of a child in a sexual performance, and possession of child pornography.  (Id. at 26-48).  The trial court severed eight counts of sexual battery and sexual activity with a child for trial. (Id. at 50).  A jury found Columbia guilty on all eight counts.  (Id. at 366-69).  The trial court

imposed six life sentences and two 30-year terms of imprisonment. (Id. at 375-95). Attorney Joshua Faett represented Columbia from pre-trial proceedings through sentencing.

On appeal, Assistant Public Defender William Sharwell found no meritorious arguments and filed an Anders[1] brief. (Id. at 419-40). The Second District Court of Appeal of Florida (2nd DCA) affirmed the conviction without a written opinion. Columbia v. State, 256 So. 3d 137 (Fla. 2d DCA 2017). Columbia filed a petition alleging Sharwell provided ineffective assistance of counsel because he did not raise a double jeopardy argument. (Doc. #16-2 at 444-92). The Second DCA denied the petition without explanation. (Id. at 494).

Columbia filed a Motion for Postconviction Relief under Florida Rule of Criminal Procedure 3.850, which he amended twice. (Id. at 735-84). The postconviction court summarily denied the motion. (Id. at 886-96). Columbia appealed. (Id. at 1074-1155). The 2nd DCA affirmed, Columbia v. State, 325 So. 3d 1273 (Fla. 2d DCA 2021) and issued its mandate on October 19, 2021 (Doc. #16-2 at 1157).

Columbia filed his federal habeas Petition with one day remaining on the one-year AEDPA limitations period. After Respondent argued Grounds 1, 3, and 4 are unexhausted and

---

[1] Anders v. California, 386 U.S. 738 (1967).

procedurally barred, Columbia filed a Motion for Stay and Abeyance to Exhaust State Remedies (Doc. #17). The Court denies the request because—as the Court's analysis will show—each of Columbia's grounds are plainly meritless. Giving Columbia time to raise them in state court would be futile.

Columbia also requests leave to amend Grounds 1 and 2, which assert Fourth Amendment violations. (Doc. #19). Columbia wants to amend them to allege his trial counsel provided ineffective assistance by failing to contest those violations. As explained below, Columbia's Fourth Amendment rights were not violated, so his counsel did not perform deficiently. The Court thus denies the motion to amend because amendment would be futile.

## II. Applicable Habeas Law

### a. AEDPA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and

difficult to meet. <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Wilson v. Corcoran</u>, 562 U.S. 1, 16 (2010).

### b. Exhaustion and Procedural Default

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. <u>Snowden v. Singletary</u>, 135 F.3d 732, 735 (11th Cir. 1998).

Procedural defaults generally arise in two ways:

(1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

<u>Cortes v. Gladish</u>, 216 F. App'x 897, 899 (11th Cir. 2007). A

federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) "the failure to consider the claim would result in a fundamental miscarriage of justice." Id. (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)).

Another gateway through a procedural bar exists for claims of ineffective assistance of trial counsel. If the state court did not appoint counsel in the collateral proceeding, or if collateral-review counsel was ineffective, a petitioner may overcome procedural default by "demonstrat[ing] that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez v. Ryan, 566 U.S. 1, 13 (2012).

### c. Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. Id.

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance.'" Sealey v. Warden, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting Strickland, 466 U.S. at 689). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Franks v. GDCP Warden, 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting Richter, 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." Id. This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13 (citing Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)).

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Sealey, 954 F.3d at 1355 (quoting Strickand, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The critical question on federal habeas review is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. Mays v. Hines, 141 S. Ct. 1145, 1149 (2021). All that matters is whether the state

court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree."  Id. (quoting Knowles v. Mirazayance, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." Sealey, 954 F.3d at 1355. And "[w]hile the Strickland standard is itself hard to meet, 'establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.'"  Id. (quoting Richter, 562 U.S. at 105).

### III. Analysis

#### a. Ground 1: Police omitted facts in an affidavit for a search warrant

Columbia accuses Detective Pilarski of violating his Fourth Amendment rights by submitting an affidavit for a search warrant that omitted information included in the initial police report—specifically, that Taylor had stopped sleeping in the master bedroom in 2010 and moved out of the house in December 2012. (Doc. #13-1 at 2-3).  The affidavit does explain that Taylor petitioned a state court for a restraining order against Columbia, and that the court gave her permission to enter Columbia's home to retrieve her things.  (Doc. #16-2 at 21-22). Columbia also claims Pilarski omitted from his affidavit the court's condition that Taylor must be accompanied by law

enforcement.   The record here does not indicate whether police accompanied Taylor when she retrieved her belongings.   Columbia argues Judge Greider would not have signed the warrant had Pilarski included the omitted information.

The parties agree Columbia did not raise this ground in state court.   Columbia wants the Court to stay this action so he can exhaust his state remedies.   In Rhines v. Weber, the Supreme Court approved a "stay-and-abeyance" procedure for federal habeas petitions that assert both exhausted and unexhausted grounds.   544 U.S. 269, 275-76 (2005).   But the procedure is only available when "there was good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted grounds are not "plainly meritless."   Id. at 277. Columbia claims he did not raise this issue in state court because he did not obtain missing pages from Pilarski's search warrant affidavit until April 23, 2021.   He attached the missing pages to his Motion for Stay and Abeyance.   (See Doc. #17-1). Columbia is not entitled to a stay of Ground 1 because it has no arguable merit.

Columbia's argument is premised on his assertion that Taylor violated his Fourth Amendment rights when she took the box from his bedroom closet.   He argues that Pilarski's omissions concealed the unlawful nature of Taylor's search from Judge Greider.   While Columbia did not raise this ground in

state court, he did raise another post-conviction claim that
involved Taylor's discovery of the videocassettes.   The state
post-conviction court explained why Taylor's discovery of the
videocassettes did not taint Pilarski's subsequent efforts to
search the contents of the tapes:

> Protection from unreasonable searches and seizures
> proscribes only governmental action and "it is wholly
> inapplicable 'to a search or seizure, *even an*
> *unreasonable one*, effected by a private individual not
> acting as an agent of the Government or with the
> participation or knowledge of any governmental
> official.'"   U.S. v. Jacobsen, 466 U.S. 109, 113
> (1984) (quoting Walter v. United States, 447 U.S. 649,
> 662 (1980) (emphasis added); see also State v. C.D.M.,
> 50 So. 3d 659, 660 (Fla. 2d DCA 2010) (quoting State
> v. Butler, 1 So. 3d 242, 246 (Fla. 1st DCA 2008))
> ("'One seeking the exclusion of evidence as the fruit
> of an unreasonable search must demonstrate, first,
> that the government perpetrated the intrusion that led
> to the discovery of incriminating information.'").   In
> State v. Iaccarino, 767 So. 2d 470, 475 (Fla. 2d DCA
> 2000), the Second District Court of Appeal held that:
>
> > [I]n determining whether an individual acts
> > as an instrument of the police, the court
> > must decide "(1) whether the government was
> > aware of and acquiesced in the conduct; and
> > (2) whether the individual intended to
> > assist the police or further his own ends."
> > The necessary level of governmental
> > participation involves some amount of
> > knowledge and acquiescence in the search.
> > United States v. Walther, 652 F.2d 788, 792
> > (9th Cir. 1981).
>
> C.D.M., 50 So. 3d at 660-61.

    7.   In the instant case, Defendant's wife
conducted a search and seizure as a private
individual.   The Court finds that Defendant's wife was
not acting as an agent of the Government or with the
participation or knowledge of any governmental
official, as the government was not aware of nor

acquiesced in the conduct. Because the search in the instant case did not include governmental action, the Court further finds that the Fourth Amendment protection against unreasonable searches and seizures is inapplicable.

8. After Defendant's wife seized the property and searched one of the VHS tapes and the memory card, she advised Detective Frank Pilarski that she observed a video of Defendant engaging in sexual activity with the Victim and that she observed over one-hundred pictures of the Victim naked. At that point, Detective Pilarski did not conduct a search of the property. Instead, he stored the property and waited until he had obtained a search warrant. The Court finds that Detective Pilarski's seizure was reasonable, as it was based on probable cause to believe that the items contained evidence of a crime. See Jacobsen, 466 U.S. at 121-22 ("[I]t is well-settled that it is constitutionally reasonable for law enforcement officials to seize 'effects' that cannot support a justifiable expectation of privacy without a warrant, based on probable cause to believe they contained contraband.").

9. Accordingly, for the reasons detailed in paragraphs 6 through 8 of this Order, the Court finds that, if trial counsel would have filed a motion to suppress, the motion would have been denied.

(Doc. #16-2 at 888-89 (citations to the record omitted)).

The post-conviction court reasonably applied federal law—specifically, United States v. Jacobsen—in holding that Taylor's initial seizure of the tapes did not violate Columbia's Fourth Amendment rights. Because Taylor was acting solely as a private citizen when she took the tapes, the circumstances of her entry into Columbia's home were not material to Pilarski's request for a warrant to search the tapes. Pilarski was free to use the information Taylor provided, and to take possession of the

tapes, regardless of the legality of Taylor's actions.  See United States v. Castaneda, 997 F.3d 1318, 1328 (11th Cir. 2021) ("Law enforcement agents may use in an application for a search warrant information that is given by a private party even if that private party unlawfully obtained the information…Agents may also 'seize' property that a non-owner private party has voluntarily relinquished to them when probable cause exists to believe that the property contains contraband.")

An omission in a search warrant affidavit only violates the Fourth Amendment if the omitted information is material.  See United States v. Goldstein, 989 F.3d 1178, 1197 (11th Cir. 2021) (discussing Franks v. Delaware, 438 U.S. 154 (1978)).  Because the information Pilarski omitted was immaterial, the affidavit clearly did not violate Columbia's Fourth Amendment rights.  See id.  In other words, the facts Pilarski omitted would not have given Judge Greider a reason not to issue the warrant.

Columbia also complains that Pilarski's affidavit referred to his house as "their" house, suggesting that Taylor shared the house with Columbia.  The affidavit makes it unmistakably clear that Taylor did not live there when she took possession of the tapes.  And anyhow, as explained above, the legality of her private seizure of the tapes was immaterial to Pilarski's search warrant application.

This ground has no arguable merit, so the "stay-and-abeyance" procedure is inappropriate.  Ground 1 is denied.

Columbia's proposed amendment to change Ground 1 from a Fourth Amendment claim to a Sixth Amendment claim is futile.  The ground would fail either way.  Because Pilarski's search warrant affidavit did not violate Columbia's Fourth Amendment rights, a motion to suppress would have been meritless.  An attorney's performance cannot be deemed deficient because he failed to file a meritless motion.  See <u>Strickland</u>, <u>supra</u>.

### b. Ground 2: Taylor's seizure of evidence violated the Fourth Amendment because she was an agent of the police

Columbia next asserts the post-conviction court erred by applying the private-search doctrine to Taylor's retrieval of the incriminating videocassettes, rather then considering her an agent of the police.  This ground is largely a rehash of issues implicitly raised in Ground 1.  Columbia did not present this ground to the state courts in the same way he presents it here— as a naked Fourth Amendment claim.  But he argued the point in two ineffective-assistance-of-counsel claims.  The post-conviction court rejected it first in the excerpt block-quoted above, and again here:

> 23. In the instant case, Defendant's wife conducted a search and seizure as a private individual.  The Court finds that Defendant's wife was not acting as an agent of the Government or with the participation or knowledge of any governmental official, as the

> government was not aware of nor acquiesced in the
> conduct. Because the search in the instant case did
> not include governmental action, the Court further
> finds that the Fourth Amendment protection against
> unreasonable searches and seizures is inapplicable.

(Doc. #16-2 at 894-95).

The post-conviction court reasonably applied federal law on this point. Courts consider two factors when considering whether a private searcher acted as a government agent: "(1) whether the government knew of and acquiesced to the intrusive conduct, and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends." United States v. Allen, 854 F. App'x 329, 333 (11th Cir. 2021). Taylor's purpose was clear—she entered Columbia's house to retrieve her belongings. She did not even discover the contraband until she opened the Halloween box about two weeks later. And the record contains no evidence that police knew of or acquiesced to Taylor's retrieval of the Halloween box containing the tapes. Ground 2 is denied.

As with Ground 1, the Court rejects Columbia's request to change Ground 2 into a Sixth Amendment claim because it would be futile. A motion to suppress based on the theory that Taylor acted as an agent of the police would have lacked merit. Failure to assert a meritless motion cannot be the basis of a successful Strickland claim.

### c. Ground 3: Trial counsel failed to depose witnesses to Taylor's search of Columbia's house

Columbia claims Faett rendered ineffective assistance of counsel because he did not "depose and cross-examine witnesses 'mandated by the court' whom [sic] were involved in an illegal search and seizure where Petitioners' 4th Amendment [sic] was violated." (Doc. #13 at 7). The phrase "witnesses 'mandated by the court'" is not clear, but Columbia explains it in his Reply (Doc. #18). The state court that authorized Taylor to retrieve her belongings from Columbia's house ordered that she do so in the presence of law enforcement. Based on that order, Columbia assumes there was a law enforcement witness when Taylor took the Halloween box from his house. Nothing in the record supports that assumption.

Respondent argues Columbia failed to raise this ground in state court, and Columbia requests a "stay-and-abeyance" so he can exhaust it. To establish the cause for his failure to exhaust, Columbia again points to the missing pages from Pilarski's search warrant affidavit. That made sense as a cause for Columbia's failure to exhaust Ground 1, but the affidavit has nothing to do with Ground 3. Columbia's delayed receipt of the full affidavit is not good cause for his failure to exhaust this ground.

A "stay-and-abeyance" for Ground 3 is also inappropriate because the ground is plainly meritless. A habeas petitioner's

burden under the <u>Strickland</u> test "is particularly 'heavy where the petitioner alleges ineffective assistance in failing to call a witness because often allegations of what a witness would have testified to are largely speculative.'" <u>McKiver v. Sec'y, Fla. Dep't of Corr.</u>, 991 F.3d 1357, 1365 (11th Cir. 2021) (quoting <u>Sullivan v. DeLoach</u>, 459 F.3d 1097, 1109 (11th Cir. 2006)). Columbia piles on an extra layer of speculation. His claim that there might have been a witness to Taylor's search who might have given favorable testimony is far too speculative to establish ineffective assistance of counsel. <u>See</u> <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witness would have been helpful. This kind of speculation is insufficient to carry the burden of a habeas corpus petitioner.")

Even if the Court stayed this action so Columbia could exhaust Ground 3, the Florida courts would not consider it. "Florida law procedurally bars new claims or claims that have already been raised in prior petitions when 'the circumstances upon which they are based were known or should have been known at the time the prior petition was filed.'" <u>Jimenez v. Fla. Dep't of Corr.</u>, 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting <u>Johnson v. Singletary</u>, 647 So. 2d 106, 109 (Fla. 1994)). Columbia failed to raise this issue in his Rule 3.850 motion, despite having the relevant information. He was present at the

hearing when the restraining-order court authorized Taylor to enter his house with a law-enforcement escort.

This ground is unexhausted, and Columbia has not satisfied any exception to the procedural bar. He has not demonstrated cause for his failure to exhaust or actual prejudice. And he has failed to demonstrate this ground is "substantial" for <u>Martinez</u> purposes. Ground 3 is denied.

### d. Ground 4: Trial counsel failed to challenge the authenticity of the videocassettes

Columbia complains that Faett "failed to subject the video evidence for testing of tampering, editing, authenticity, and origin, thus never confirming how, when and where evidence was produced and obtained." (Doc. #13 at 8). The parties agree that Columbia failed to exhaust this ground in state court. In his Motion for Stay and Abeyance, he wrote, "This motion concerns only grounds One and Three. A separate motion is filed for the dismissal of ground Four." (Doc. #17 at 1). Columbia did not move to dismiss this ground, nor did he argue for it in his Reply. It appears Columbia intended to abandon this ground, but the Court will briefly address it out of an abundance of caution.

Columbia does not claim that he exhausted this ground, or that the Court should consider it despite the procedural bar. He has not identified a cause for his failure to exhaust, and he is not prejudiced by the procedural bar because this ground is

frivolous.   There is no dispute about the authenticity of the videos.   Contrary to Columbia's conclusory claims, the State established "how, when and where" the videos were produced: on the family camcorder, in the summers of 2010 and 2011, and in Columbia's master bedroom.   Columbia has not identified any meritorious objection Faett could have made to the authenticity of the tapes.   It is not enough to merely show that Faett failed to undertake a fishing expedition.

Ground 4 is denied.

### e. Ground 5: "The State failed to prove all video acts a separate counts ('Double Jeopardy')"

The basis for Columbia's final ground is not clear.   This is the entirety of the claim:

> The only separated acts depicted at trial was [sic], the first tape (exhibit 5) played 10/5/15 (showing victim without orthodontic braces), differating [sic] from the second tape (Exhibit 6) played 10/6/15 (showing victim with braces).   Jury instructions and charging information (also) only show a separation from Counts 6 to 7.

(Doc. #13 at 9).   Columbia did not further explain this ground in his Memorandum (Doc. #13-1) or his Reply (Doc. #18).   To help decipher this claim, Respondent points to Columbia's state petition alleging ineffective assistance of appellate counsel, in which Columbia accused the State of editing a video of a single sex act into six separate clips to support multiple criminal counts.   (Doc. #16-2 at 461).   The 2nd DCA denied that petition without explanation.   (Id. at 494).

The Double Jeopardy Clause of the Fifth Amendment "protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 306-07 (1984). It appears Columbia is raising the third of these guarantees.

Reading the Amended Petition liberally, the Court construes Ground 5 as follows: The State violated the Double Jeopardy Clause by convicting Columbia of eight counts based on video of just two illegal acts. Columbia did not raise this issue before the trial court, so no fact finding occurred, and the issue was not preserved for appeal. See State v. Poole, 297 So. 3d 487, 494 (Fla. 2020) ("In order to preserve an issue for appeal, the issue must be presented to the lower court and the *specific legal argument* or grounds to be argued on appeal must be part of that presentation." (citations omitted)). Thus, Columbia did not give the state court an opportunity to address this ground, and it is unexhausted and procedurally barred.

Even if Columbia had exhausted this ground, it is frivolous. Columbia's claim that the videos only depicted two sex acts is conclusory and unsupported by the record. But even so, the State presented other evidence that Columbia had sex with N.B. at least eight times. N.B. testified it happened

"[a]lmost every weekend" in the summer of 2010 and 2011. (Doc. #16-2 at 189-91). The victim's testimony was enough to support conviction on eight separate counts. See Duran v. Walker, 223 F. App'x 865, 872-73 (11th Cir. 2007) ("[T]he victim's testimony as to forcible penetration was alone sufficient to support the conviction…It was within the province of the jury to weigh the credibility of all the witnesses' testimony and to determine that the victim's testimony was credible.")

Ground 5 is denied.

**IV. Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Columbia has not made the requisite showing here and may not

have a certificate of appealability on any ground of his Petition.

Accordingly, it is hereby

**ORDERED:**

John Russell Columbia's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #13), Motion for Stay and Abeyance to Exhaust State Remedies (Doc. #17), and Motion for Leave to Amend 2254 Petition (Doc. #19) are **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment against Petitioner and for Respondent, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of August 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record